Chen v. Lynch

BIA
Rohan, IJ
A089 113 632

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

QUAN CHEN,
> *Petitioner,*

v.                                                          14-3517
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, Law Office of Michael
                         Brown, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Russell
                         J.E. Verby, Senior Litigation

Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Quan Chen, a native and citizen of the People's Republic of China, seeks review of a September 2, 2014, decision of the BIA affirming an April 24, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Quan Chen,* No. A089 113 632 (B.I.A. Sep. 2, 2014), *aff'g* No. A089 113 632 (Immig. Ct. N.Y. City Apr. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. In this case, the adverse credibility determination is supported by substantial evidence.

Chen claimed that he was arrested, detained and beaten for attending an underground Christian church in China. Chen submitted a letter from a government-sponsored church in China stating that he accepted Jesus Christ as savior on December 15, 2007. Chen did not mention attending a government-sponsored church in his application. Chen testified that he began attending the underground church on December 15, 2007, the same day that his letter confirmed his attendance at the government-sponsored church. When asked to explain, Chen stated that he needed proof of his Christian faith and could

not obtain documentation from his underground church. The IJ reasonably declined to credit Chen's explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Indeed, Chen could not explain why a government-sponsored church would provide a letter confirming his attendance on a specific date if he had not, in fact, attended on that date.

The IJ also found that Chen gave inconsistent testimony as to why he has not been baptized. Chen explained that: (1) he was not prepared; (2) he claimed he had to first attend baptism classes but could not because of work; and (3) he did not want to. While the first two reasons are not inconsistent with one another, the latter explanation contradicts the first two. *Xiu Xia Lin*, 534 F.3d at 163-64.

The IJ also properly relied on Chen's vague and inconsistent testimony concerning his church attendance in the United States. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). First, Chen could not name the pastor from his church with whom Chen posed in a photograph he submitted. Second, Chen testified that he attends church once every two to three weeks,

but then testified that he had not been in "a long time" because the sermons are in English. He then changed his testimony, stating that he stopped attending because he was bothered by the church's demands for donations. The IJ was not required to credit Chen's inconsistent explanations. *Majidi*, 430 F.3d at 80-81.

Finally, the IJ relied on his observations of Chen's demeanor in finding him not credible. We generally afford particular deference to an IJ's assessment of an applicant's demeanor, especially when those observations are supported by specific inconsistencies in the record. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Considering the foregoing, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk